IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER KLEMP-HAHN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 11280 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTO SALAS, and | ) | |
| VILLAGE OF FOREST PARK, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE**
**THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiff Heather Klemp-Hahn respectfully moves this Court for an order to enforce the settlement agreement and in support states as follows.

**Background**

1. On August 14, 2017 the parties participated in a settlement conference with this Court and they reached a settlement agreement. A redacted version of the settlement term sheet signed by the parties in court on August 14, 2017 is attached here as Exhibit A.

2. As noted on the term sheet, the parties reached binding agreement that day, *id.* at ¶ F, but they also agreed that they would document and confirm the settlement in a type-written document to be prepared after the August 14, 2017 conference, *id.* at ¶ G.

3. Since that time, the parties have been conferring about appropriate language for that document. They have worked out several differences, but unfortunately they have reached impasse over appropriate language governing the release of claims.

1

**Agreed Upon Release Terms**

4. As noted in the settlement term sheet, the parties agreed to a mutual release of all claims raised in the litigation. *Id.* at ¶ B. They did not agree to a release of all existing claims. *Id.*

**The Parties' Competing Release Language In The Confirming Document**

5. The parties are unable to agree on appropriate release language for the confirming document. Both sides have made movement from their original positions, but they are currently stuck at the provisions below:

| Plaintiff's proposed release language: | Defendants' proposed release language (disputed language in bold): |
|---|---|
| 4. Release by Klemp-Hahn. In exchange for the payment identified in Paragraph 1, Klemp-Hahn hereby releases, relinquishes and gives up (and agrees not to directly or indirectly file, retain any recovery for, or pursue) any and all claims, suits, Action and causes of Action known or unknown arising either directly or indirectly out of the incidents that were the basis of this litigation, which she now may have or hold against the Defendants, any and all unnamed and/or unserved defendants, and present and former employees or elected officials of the Village, and attorneys and agents of the Defendants. | 4. **General** Release by Klemp-Hahn. In exchange for the payment identified in Paragraph 1, Klemp-Hahn hereby releases, relinquishes and gives up (and agrees not to directly or indirectly file, retain any recovery for, or pursue) any and all claims, suits, Action and causes of Action known or unknown arising either directly or indirectly out of the incidents that were the basis of this litigation, which she now may have or hold against the Defendants, any and all unnamed and/or unserved defendants, and present and former employees or elected officials of the Village, and attorneys and agents of the Defendants, **including but not limited to all claims in any way arising out of or relating to (i) any facts, matters or claims alleged or which could have been alleged in the Action, or (ii) any conduct occurring during the course of defending or in connection with the Action, or the negotiation and execution of this Agreement**. |
| [Deleted paragraph over which there is no dispute] | [Deleted paragraph over which there is no dispute] |
| | **If any party takes any Action inconsistent** |

| | |
|---|---|
| | with this Paragraph 4, that party shall pay all costs, expenses and attorneys' fees incurred by the other parties, indemnify, and hold the other parties harmless from liability, costs, or expenses related to the violation. This is in addition to, and not in lieu of, any other rights or remedies which the parties may have with regard to such violation. |
| 5. <u>Release by Defendants</u>. In exchange for the dismissal of this action, defendants hereby release, relinquish and give up (and agree not to directly or indirectly file, retain any recovery for, or pursue) any and all claims, suits, Action and causes of Action known or unknown arising either directly or indirectly out of the incidents that were the basis of this litigation, which they now may have or hold against Klemp-Hahn. | 5. <u>Release by Defendants</u>. In exchange for the dismissal of this action, defendants hereby release, relinquish and give up (and agree not to directly or indirectly file, retain any recovery for, or pursue) any and all claims, suits, Action and causes of Action known or unknown arising either directly or indirectly out of the incidents that were the basis of this litigation, which they now may have or hold against Klemp-Hahn. |

6. The parties have reached impasse over the language, and seek the Court's assistance to resolve the dispute.

7. To tee up the issue, Plaintiff has tendered to Defendants a signed version of the confirming document that contains Plaintiff's proposed language.

**Argument**

8. Plaintiff has signed confirming document containing terms that have been agreed upon by all parties. The release language in the signed document appropriately confirms a "mutual release" of "all claims raised in the litigation," as agreed to by the parties on August 14, 2017. Defendants should now be required to hold up their end of the agreement and make payment.

9. Defendants have no basis to require Plaintiff to sign off on their preferred language. Their language goes beyond what the parties agreed to on August 14, 2017, and in that way, contains additional non-negotiated terms. Defendants cannot withhold payment on the basis that Plaintiff does not agree to those non-negotiated terms.

10. To be sure, Defendants' proposed language goes beyond a "mutual release" of "all claims raised in the litigation." It is unduly one-sided and it essentially asks Plaintiff to release any and all existing claims against any and all Village agents.

11. As to the scope of the release, Defendants ask Plaintiff to release not only all claims relating to the incident that was the basis of the litigation (which Plaintiff is willing to do), but also "all claims in any way arising out of or relating to any facts matters or claims . . . which **could have been alleged** in the Action." (emphasis added).

12. The "could have been alleged" language is ambiguous and overbroad. In theory, anything "could have been alleged" in Plaintiff's complaint—even an as-yet-unknown claim completely unrelated to the underlying incident in this case. Plaintiff's signature on this document could easily be interpreted as a general release of all existing claims, which is not what the parties agreed upon.

13. Furthermore, Defendants do not agree to such broad language for themselves. The language they propose regarding the release of their claims does not contain the same ambiguous "could have been alleged" language. Their release is (appropriately) limited to claims arising from the incident that formed the basis of the litigation. These non-reciprocal provisions, read together, increase the risk that the document will be read as a whole to encompass a general release by Plaintiff of all existing claims.

14. More problematic, Defendants seek language that subjects Plaintiff to harsh sanction if she takes any action "inconsistent" with their ambiguous release language. Plaintiff does not agree to be sanctioned for taking actions that are so ill-defined.

15. Finally, Defendants' proposed release language is not mutual. It requires Plaintiff to give up more than Defendants give up, which, again, is not what the parties agreed upon.

16. In discussions about this language, defense counsel has asserted that their proposed language is "standard" and that they have used it in other cases. But defense counsels' past practice should not dictate the terms of the document that Plaintiff must sign. All Plaintiff is required to do is sign a document that accurately reflects the binding agreement reached by the parties on August 14, 2017. Plaintiff has done that. The Court should enforce the settlement agreement and order Defendants to make payment as agreed upon on August 14, 2017.

WHEREFORE, Plaintiff respectfully requests that this Court enforce the settlement agreement and order Defendants to make payment as agreed upon by the parties.

RESPECTFULLY SUBMITTED,

　/s/ Elizabeth Mazur　
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Aisha Davis
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

      I, Elizabeth Mazur, an attorney, certify that on September 15, 2017, I served a copy of this pleading on all counsel of record via the ECF system.

                                                        /s/ Elizabeth Mazur