**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HEATHER KLEMP-HAHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-11280 |
| v. | ) | |
| | ) | Honorable Andrea R. Wood |
| ROBERTO SALAS, and | ) | Magistrate Judge Jeffrey T. Gilbert |
| VILLAGE OF FOREST PARK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VILLAGE OF FOREST PARK'S RESPONSE TO THE PLAINTIFF'S
MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

Defendant, Village of Forest Park, by its attorney, Julie A. Bruch, for its Response to the Plaintiff's Motion to enforce the Parties' Settlement Agreement, states as follows:

For the past nineteen (19) years, counsel for the Village's practice has focused on the defense of governmental entities and hundreds of litigated matters have been settled with agreements using the same or substantially the same language as set forth in the settlement agreement sent to Klemp-Hahn's attorney. The purpose and goal of the Village in resolving this litigation is to buy its peace with Klemp-Hahn and ensure that after sending payment to her, she does not turn around and bring another claim against the Village for the alleged wrongful act that she could have raised in this lawsuit. If she does so in violation of the agreement, then she shall pay all costs, expenses and attorneys' fees incurred by the Village, indemnify, and hold the Village harmless from liability, costs, or expenses related to her violation.

In an effort to avoid disagreements of the language of the settlement agreement, the Village used as a template, the settlement agreement that we negotiated and agreed to with the Loevy & Loevy law firm in a similar case brought against the Village, *Doe v. Village of Forest Park*, Case No. 11-CV-6102 (N.D. Ill. 2011), that was settled in April 2014. The *Doe* settlement agreement was actually even broader than the one proposed here. The actual language agreed to is set forth below:[1]

4.   <u>General Release by Doe</u>. In exchange for the payment identified in Paragraph 1, Doe hereby releases, relinquishes and gives up (and agrees not to directly or indirectly file, retain any recovery for, or pursue) any and all claims, suits, Action and causes of Action known or unknown arising either directly or indirectly out of the incidents that were the basis of this litigation, which she now may have or hold against the Defendants, any and all unnamed and/or unserved defendants, and present and former employees or elected officials of the Village, and attorneys and agents of the Defendants, **including but not limited to all claims in any way arising out of or relating to (i) her employment with the Village, or any aspect of any such employment, (ii) any facts, matters or claims alleged or which could have been alleged in the Action, or (iii) any conduct occurring during the course of defending or in connection with the Action, or the negotiation and execution of this Agreement.**

This is a full and general release with respect to the matters encompassed within the preceding paragraph, which includes, without limitation, a release of any right Doe may have:

(a)   under Title VII of the Civil Rights Act of 1964, as amended;

(b)   under the Civil Rights Act of 1991;

(c)   under the Civil Rights Act of 1866, U.S.C. § 1981;

(d)   under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, or the Americans with Disabilities Act, including the Americans with Disabilities Act Amendments Act;

(e)   under 42 U.S.C. §§ 1983 or 1985;

(f)   under the Illinois Human Rights Act, the Illinois Worker's Compensation Act, and

---

[1] The Village will send the Court a complete copy of the fully executed settlement agreement in the *Doe* case for *in camera* review.

Illinois Whistleblower Act;

(g)    under Executive Order 11246 or any other state, federal or local law or regulation dealing with employment discrimination or other form of discrimination, or retaliation for filing any charge or claim, complaining about any practice or conduct or participating or testifying in any investigation;

(h)    under the Equal Pay Act, 29 U.S.C. § 206, *et seq.*, the National Labor Relations Act or the Family and Medical Leave Act;

(i)    under the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standards Act of 1938, or any federal, state or local law dealing with payment of wages, minimum wage, overtime or equal pay;

(j)    under the Consolidated Omnibus Budget Reconciliation Act (COBRA) or any other law regarding insurance continuation;

(k)    for damages of any kind, including but not limited to, damages for personal, emotional or economic injury, damage to reputation, breach of contract, wrongful discharge and violation of implied or express contract rights under any state, federal or local law, decision or regulation;

(l)    for lost pay, reinstatement, front pay, liquidated damages or any other form of equitable relief;

(m)    for overtime pay, vacation or sick pay, severance pay, attorneys' fees, experts' fees or costs;

(n)    for personal injury, slander, libel, defamation, fraud, misrepresentation, intimidation, assault, battery, retaliation, intentional tort, economic loss, intentional or negligent infliction of emotional distress, retaliation, costs, damages, punitive damages, front pay, breach of contract, or breach of an implied contract; and

(o)    for any legal violation, law or claim referred to in (or in any complaint filed in) the Action.

Doe represents and warrants that she is the sole owner of all claims she has released in this Agreement and that she has not assigned or transferred any such claim (or any interest in any such claim) to any other person, and she will indemnify, defend and hold the Defendants harmless for any damages, costs or expenses which it may incur if these representations and warranties are incorrect in any respect.

**If Doe takes any Action inconsistent with this Paragraph 4, she shall pay all costs, expenses and attorneys' fees incurred by the Defendants, indemnify, and hold the Defendants harmless from liability, costs, or expenses related to her violation. This**

3

**is in addition to, and not in lieu of, any other rights or remedies which the Defendants may have with regard to such violation.**

The *Doe* case did not have the Release by Defendants set forth in Paragraph 5, but as part of the negotiation of the language of this release, the Village agreed to include that language.

Similarly, in the case of *Estate of Leichtenberg v. City of LeRoy*, Case No. 10-CV-1253 (C.D. Ill. 2010), in July 2013 another attorney from the Village's retained law firm settled a case handled by the same attorneys from Loevy & Loevy who appeared in this case. Again, the settlement agreement signed by the parties contains the same language that is now objected to and is set forth below:[2]

5.  **General Release by Plaintiff**.  Upon payment of the sums set out in paragraph 1, Plaintiff releases, relinquishes and gives up (and agrees not to directly or indirectly file or pursue) any and all claims, suits, actions and causes of action known or unknown relating to any matter whatsoever, whether known or unknown, which they now may have or hold against (a) City of LeRoy or its agents or employees; (b) the respective insurers, successors and assigns of each person or entity described in subsection (a) above, **including but not limited to all claims (i) which were or could have been alleged in the Action or (ii) any conduct occurring during the course of defending or in connection with the Action, or the negotiation and execution of this Agreement.**

This is a full and general release with respect to the matters encompassed within the preceding paragraph which includes, without limitation, a release of any right Plaintiff has or may have:

(a)      under the Civil Rights Act of 1991;

(b)      under the Civil Rights Act of 1866, U.S.C. §1981;

(c)      under Illinois law;

(d)      for personal injury, slander, libel, defamation, fraud, misrepresentation, intimidation, assault, battery, retaliation, intentional tort, economic loss, intentional or negligent infliction of emotional distress, retaliation, costs,

---

[2] The Village will send the Court a complete copy of the fully executed settlement agreement in the *Leichtenberg* case for *in camera* review.

damages, punitive damages, front pay, breach of contract, or breach of an implied contract;

(e)     under 42 U.S.C. §1983;

(f)     under the United States Constitution;

(g)     under the Due Process Clause of the United States Constitution;

(h)     under the Fourth Amendment of the United States Constitution;

(i)     under 740 ILCS 180/1, et. seq.

(j)     under 750 ILCS 60/101, et. seq.; and

(k)     for any legal violation, law or claim made or which could have been made in the Action.

Plaintiff represents and warrants that she is the sole owner of all claims she has released in this Agreement and that she has not assigned or transferred any such claim (or any interest in any such claim) to any other person.  Plaintiff certifies that there are no liens.  Neither Plaintiff nor Defendant are aware of any lien which has been filed against the Defendant or Defendant's counsel.

**If Plaintiff violates this release, she shall pay all costs, expenses and attorneys' fees incurred by Defendant and indemnify and hold Defendant harmless from liability, costs or expenses related to the violation.  This is in addition to, and not in lieu of, any other rights or remedies which Defendant may have with regard to such violation.**

The parties hereto expressly understand and agree that Plaintiff, Defendant and the Defendant's employees and agents are intended beneficiaries of this Agreement.

The above language is not overbroad and is a standard part of every agreement used by the Village's counsel. The reason for the lack of mutuality in paragraph 4 is because the Village has not brought any claim against Klemp-Hahn and could not violate any of the language in paragraph 4. The Village's counsel typically does not even include a Release by Defendant in its standard agreement such as what is set forth in paragraph 5 but only agreed to this language in an effort to get this case fully settled. The Village has

made numerous other concessions to changes demanded by Klemp-Hahn but will not agree to the final changes she demands in her motion.

WHEREFORE, Defendant, Village of Forest Park, prays that this Court enforce the settlement agreement with the language as proposed by the Village.

Respectfully submitted,

**VILLAGE OF FOREST PARK**

By: s/Julie A. Bruch
Julie A. Bruch, #6215813
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone:847/291-0200
Fax:   847/291-9230
Email: jbruch@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HEATHER KLEMP-HAHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-11280 |
| v. | ) | |
| | ) | Honorable Andrea R. Wood |
| ROBERTO SALAS, and | ) | Magistrate Judge Jeffrey T. Gilbert |
| VILLAGE OF FOREST PARK, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2017, I electronically filed *Defendant Village of Forest Park's Response to Plaintiff's Motion to Enforce the Parties' Settlement Agreement* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Arthur R. Loevy        loevylaw@loevy.com
Jon I. Loevy           jon@loevy.com
Elizabeth Mazur        elizabethm@loevy.com
Aisha N. Davis         aisha@loevy.com
Daniel Q. Herbert      dan.herbert@danherbertlaw.com

By:    *s/Julie A. Bruch*
       Julie A. Bruch, #6215813
       O'Halloran Kosoff Geitner & Cook, LLC
       650 Dundee Road, Suite 475
       Northbrook, Illinois 60062
       Phone:      847/291-0200
       Fax:    847/291-9230
       Email: jbruch@okgc.com

7