IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Heather Klemp-Hahn, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 16 C 11280 |
| | ) | |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| Roberto Salas et al | ) | Magistrate Judge |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff's Motion to Enforce the Parties' Settlement Agreement [ECF No. 43] is granted. If the parties want to memorialize in a written settlement agreement the settlement terms to which they agreed during the settlement conference held in this case on August 14, 2017, then that settlement agreement must include Plaintiff's proposed wording of her release of claims, not Defendants' proposed wording. Plaintiff's proposed wording tracks with the language in the parties' settlement term sheet signed at the settlement conference; Defendants' does not.

If Defendants wanted to include in a written settlement agreement the release language they are now proposing to use, then they should have agreed to circle the second option on the term sheet checklist that would release "[a]ll existing claims, whether or not raised in the litigation." They did not do so. Instead, the parties agreed to circle the first option on the term sheet checklist and agreed to release "[a]ll claims raised in the litigation." That is the release language and concept that Plaintiff proposes to include in the parties' written settlement agreement. Plaintiff is correct in her position.

It does not matter what language counsel for Plaintiff or Defendants have used in other settlement agreements in other cases. The only issue here is what did the parties agree to in their term sheet, which was completed and executed on the day of the settlement conference in this case. As discussed above, the parties agreed to mutually release each other from all claims raised in the litigation, not all existing claims whether or not raised in the litigation. The parties must incorporate in their written settlement agreement the terms they agreed upon in their term sheet.

Similarly, the fee shifting provision that Defendants now propose to include in the settlement agreement was not in the parties' agreed term sheet signed at the conclusion of the settlement conference. That is a material term that normally is negotiated and agreed to by the

parties at the settlement conference or in a term sheet. If both parties now want to include that language as a mutual covenant in their settlement agreement, there is no reason they cannot agree to do so. But if Plaintiff does not want that language included in the written settlement agreement, then the deal the parties agreed to on August 14, 2017, in their signed term sheet governs.

Accordingly, for all of these reasons, Plaintiff's Motion to Enforce the Parties' Settlement Agreement [ECF No. 43] is granted.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: October 12, 2017